IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 21 AM 10: 45

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CARLOS L. RICE, | Χ | |
| | Χ | |
| Petitioner, | Χ | |
| | Χ | |
| vs. | Χ | No. 05-2376-D/V |
| | Χ | |
| DAVID MILLS, | Χ | |
| | Χ | |
| Respondent. | Χ | |
| | Χ | |

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Carlos L. Rice, Tennessee Department of Correction prisoner number 259965, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 19, 2005, along with a motion seeking leave to proceed in forma pauperis. On May 31, 2005, the Court issued an order denying leave to proceed in forma pauperis and directing the petitioner to pay the habeas filing fee within thirty days. Rice paid the filing fee on June 14, 2005. The Clerk shall record the respondent as WTSP warden David Mills.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on ___7/21/05___

I.   <u>STATE COURT PROCEDURAL HISTORY</u>

On or about February 23, 1996, Rice entered a guilty plea in the Shelby County Criminal Court to one count of first degree felony murder and one count of attempt to commit second degree murder. He received an effective sentence of life imprisonment with the possibility of parole. Rice did not take a direct appeal.

Rice apparently filed a <u>pro</u> <u>se</u> petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Shelby County Criminal Court on or about January 1, 1997 in which he alleged, <u>inter</u> <u>alia</u>, that he had received ineffective assistance of counsel. Counsel was appointed to represent Rice, but Rice contends he was "coerced" by counsel of record into withdrawing the petition. The petition was then dismissed or denied without an evidentiary hearing.

On or about July 13, 2004, Rice filed a <u>pro</u> <u>se</u> motion seeking to reopen his postconviction petition in order to litigate his ineffective assistance claim. On July 23, 2004, the postconviction court issued an order dismissing the motion as time barred. The Tennessee Court of Criminal Appeals affirmed. <u>Rice v. State</u>, No. W2004-02043-CCA-R3-PC, 2005 WL 940570 (Tenn. Crim. App. Apr. 22, 2005).

Rice contends that, on or about March 15, 2005, he filed another motion to reopen his postconviction petition to assert a

claim pursuant to <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Rice asserts that the postconviction court "declined to consider the merits of the Petitioner's motion to reopen post conviction proceedings, pursuant to a new rule of law, and as such, absent an official order of dismissal, the Petitioner could not pursue an appeal therefrom." Memorandum of Law in Support of Petitioner's Petition for Writ of Habeas Corpus, filed May 19, 2005, at 6.

II.   <u>PETITIONER'S FEDERAL HABEAS CLAIMS</u>

In this federal habeas petition, Rice raises the following issues:

    1.   Whether the corrective process afforded during his state postconviction proceedings, and plea proceedings, was so clearly deficient as to render futile any effort to obtain relief;

    2.   Whether his conviction and sentence resulted from the ineffective assistance of counsel, rendering the guilty plea involuntary because induced by coercion, manipulation, threats, or promises;

    3.   Whether the indictments were so fatally defective that they would offend the Constitution; and

    4.   Whether the sentence of life imprisonment with the possibility of parole, as a Range I standard offender, is inconsistent with <u>Blakely</u>.

III. <u>ANALYSIS OF THE MERITS</u>

The first issue to be considered is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

    (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioners whose convictions became final before the effective date of the AEDPA had a one-year grace period, until April 24, 1997, to seek federal habeas relief. Brown v. O'Dea, 187 F.3d 572, 577 (6th Cir. 1999), vacated on other grounds, 530 U.S. 1257 (2000).

Application of these provisions in this case is fairly straightforward. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d

4

280, 283 (6th Cir. 2000). Rice did not take a direct appeal, so his conviction became final no later than the expiration of the time for taking a direct appeal.[1] In Tennessee, with certain exceptions that are not applicable here, a notice of appeal must be filed within thirty days of the entry of judgment. Tenn. R. App. P. 4(a). In this case, Rice's convictions became final on March 23, 1996. Rice v. State, 2005 WL 940570, at *1. Because his conviction became final prior to the AEDPA, Rice had until April 23, 1997 to file a timely § 2254 petition. The running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Rice filed his postconviction petition on or about January 1, 1997. By that time, two hundred fifty-two (252) days of the limitations period had run.

The record does not disclose when Rice's original postconviction petition was dismissed and, therefore, it is not possible to calculate precisely when the running of the limitations period recommenced. Whenever that event occurred, Rice had only one hundred thirteen (113) days in which to file a timely § 2254 petition. Rice took no further action until July 13, 2004, when he filed his motion to reopen his state postconviction petition. According to the Tennessee Court of Criminal Appeals, that motion was filed "over seven years after the first dismissal." Rice v.

---

[1]    See Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004) (§ 2255 motion); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view").

State, 2005 WL 940570, at *2. Accordingly, the first, second, and third issues raised in Rice's petition are plainly time barred.[2]

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[3]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that

---

[2]    Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Rice's first three issues reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

[3]    This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[4]

    Rice cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. Although Rice asserts, on the one hand, that he was "coerced" by counsel into

---

[4]    See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

7

withdrawing his first postconviction petition, he argues, on the other hand, that he did not receive a copy of the order dismissing or denying his petition and he did not realize his petition had been dismissed until, at some unspecified date, "his loved ones" contacted the postconviction court. This allegation makes little sense, as it naturally follows that, having made the decision to withdraw his postconviction petition, a dismissal order would follow at some point. Moreover, in light of the seven-year delay between the dismissal of Rice's postconviction petition and the filing of his motion to reopen, Rice was not diligent in protecting his rights. See Pace v. DiGugliolmo, 125 S. Ct. 1807, 1815 (2005).

Accordingly, the Court DISMISSES the first, second, and third issues as time barred.

In his fourth claim for relief, Rice challenges his sentence in light of the Supreme Court's decision in Blakely v. Washington, 125 S. Ct. 2531 (2004), which was issued less than one year before the filing of this petition. Rice would presumably take the position that the one-year limitations period with respect to this claim commenced on the date the decision in Blakely was issued. See 28 U.S.C. § 2244(d)(1)(C). Thus, the Supreme Court has held that a new constitutional rule has been "made retroactively applicable to cases on direct review" only if the Supreme Court has so held. Tyler v. Cain, 533 U.S. 656, 662 (2001). Applying that standard, each circuit court of appeals that has considered the

issue has held that <u>Blakely</u> has not been made retroactive to cases on collateral review. <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam); <u>Carmona v. United States</u>, 390 F.3d 200, 202-03 (2d Cir. 2004) (per curiam); <u>Cook v. United States</u>, 386 F.3d 949, 950 (9th Cir. 2004); <u>Cuevas v. Derosa</u>, 386 F.3d 367 (1st Cir. 2004) (per curiam); <u>Leonard v. United States</u>, 383 F.3d 1146, 1148 (10th Cir. 2004) (per curiam); <u>Simpson v. United States</u>, 376 F.3d 679, 681-82 (7th Cir. 2004); <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004). Although the Sixth Circuit has not issued a decision addressing the issue, the Sixth Circuit previously held that the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a precursor to <u>Blakely</u>, had not been made applicable to cases on collateral review. <u>In re Clemmons</u>, 259 F.3d 489, 492-93 (6th Cir. 2001).

As Rice has not satisfied his burden of demonstrating that his <u>Blakely</u> claim was timely pursuant to 28 U.S.C. § 2244(d)(1)(C), his fourth issue is time barred and is DISMISSED.[5]

---

[5]     It also does not appear that Rice is entitled to relief on his <u>Blakely</u> claim for another reason. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." <u>Goode v. United States</u>, 305 F.3d 378, 383 (6th Cir. 2002); <u>see</u> <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2522-26 (2004) (holding that decision in <u>Ring v. Arizona</u>, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); <u>Teague v. Lane</u>, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that <u>Blakely</u> issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005). By the same reasoning, a state prisoner whose conviction became final before the decision in <u>Blakely</u> was issued may not obtain relief under <u>Blakely</u>.

IV.   <u>APPEAL ISSUES</u>

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

    (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

        (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B)  the final order in a proceeding under section 2255.

    (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); <u>see also</u> Fed. R. App. P. 22(b); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

10

"'adequate to deserve encouragement to proceed further.'" <u>Slack</u>,

529 U.S. at 484 (quoting <u>Barefoot</u>, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue

limitations on the issuance of certificates of appealability:

> [O]ur opinion in <u>Slack</u> held that a COA does not require
> a showing that the appeal will succeed. Accordingly, a
> court of appeals should not decline the application of a
> COA merely because it believes the applicant will not
> demonstrate an entitlement to relief. The holding in
> <u>Slack</u> would mean very little if appellate review were
> denied because the prisoner did not convince a judge, or,
> for that matter, three judges, that he or she would
> prevail. It is consistent with § 2253 that a COA will
> issue in some instances where there is no certainty of
> ultimate relief. After all, when a COA is sought, the
> whole premise is that the prisoner "'has already failed
> in that endeavor.'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>,

463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more
> than the absence of frivolity'" or the existence of mere
> "good faith" on his or her part. . . . We do not require
> petitioners to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.
> Indeed, a claim can be debatable even though every jurist
> of reason might agree, after the COA has been granted and
> the case has received full consideration, that petitioner
> will not prevail.

<u>Id.</u> at 338 (quoting <u>Barefoot</u>, 463 U.S. at 893); <u>see also</u> <u>id.</u> at 342

(cautioning courts against conflating their analysis of the merits

with the decision of whether to issue a COA; "The question is the

debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, there can be no question that any appeal by this petitioner on any of the issues raised in this petition does not deserve attention as the petition is time barred. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

---

[6]      By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this _20th_ day of July, 2005.


BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

13

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02376 was distributed by fax, mail, or direct printing on July 21, 2005 to the parties listed.

Carlos L. Rice
WEST TENNESSEE STATE PENITENTIARY
259965
P.O. Box 1150
Henning, TN 38041

Honorable Bernice Donald
US DISTRICT COURT